**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 15-cr-60024-BLOOM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CRAIG JOSEPH NAUGHTIN,

      Defendant.

_____/

**<u>DETENTION ORDER</u>**

This matter came before the Court for a detention hearing on December 11, 2020, pursuant to the Bail Reform Act, 18 U.S.C. § 3143. The United States has requested that Defendant Craig Joseph Naughtin be held in detention pending his final revocation hearing based upon risk of flight and danger to the community. The Court granted the motion in open Court and this Order memorializes that ruling.

On July 17, 2015, Defendant was convicted and sentenced to fifty-two (52) months in the custody of the Bureau of Prisons, followed by a period of supervised release of three (3) years for the offense of Bank Robbery, in violation of 18 U.S.C.§ 2113(a), a Class C felony.

Defendant appeared before this Court pursuant to a summons that was issued due to Defendant's violation of various special conditions that were previously ordered as part of Defendant's supervised released. These violations include Defendant's failure to report to a Residential Reentry Center located in Dania, Florida as directed and participate in the Residential Reentry Center on October 16, 2020.

Pursuant to 18 U.S.C. § 3143(a)(1), the Court must detain a person following his conviction unless it is shown "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." The burden is on the Defendant to establish that he will not flee or pose a danger to any other person or to the community. *Id*. Thus, in this supervised release revocation proceeding, Defendant shall be detained unless he establishes by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. *See United States v. Griffin*, No. 10-cr-80017, 2018 WL 4062608, at *2 (S.D. Fla. Aug. 24, 2018).

Defendant has failed to demonstrate by clear and convincing evidence that he is not a flight risk. Defendant has not shown that he has a place to reside within the Sothern District of Florida. His home and job are both located in the Middle District of Florida, which has declined to supervise his release. The evidence further demonstrates that Defendant previously violated conditions of release, including failure to follow the directions of his probation officer and report his whereabouts.

Based on the foregoing, the Court hereby **ORDERS** as follows:

1. That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on the Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined

2

deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** this 17th day of December, 2020 at Miami, Florida.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE